IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GEORGE NICK KOURANOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-086 |
| | ) | |
| DR. RONALD MOSELY and | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Lee State Prison in Leesburg, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] Although he is currently confined at Lee State Prison, Plaintiff's complaint concerns events that allegedly occurred as a result of his incarceration at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. (See doc. no. 1.)

## I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Dr. Ronald Mosely, an oral surgeon contracted to provide care to state prisoners; and (2) the Corrections Corporation of America ("CCA"), a private corporation that has contracted to house state prisoners at WCF. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that while incarcerated at WCF he contracted an infection in his jaw. (Id. at 7.) According to Plaintiff, despite numerous requests for medical attention, he was not seen for over a year, by which time a small cyst had formed. (Id.) At that point, Plaintiff states a doctor at WCF determined he would have to be seen by an oral surgeon, and an appointment was made for Plaintiff to be seen by Defendant Mosely in Vidalia, Georgia. (Id.)

Plaintiff indicates that he ate breakfast pursuant to a prison official's orders on the day of his appointment, which he later found out was contrary to the instructions provided to prison officials by Defendant Mosely. (Id. at 7-8.) Plaintiff further alleges that Defendant Mosely initially indicated that he would not perform the surgery to remove the cyst as planned because, since Plaintiff had eaten, he could not be safely anesthetized. (Id.) However, according to Plaintiff, Defendant Mosely then became angry, and Plaintiff overheard him say that he was going ahead with the surgery because he was unwilling to miss the opportunity to profit from the procedure. (See id. at 8-9.) Plaintiff indicates that he expressed concern, but was assured that his teeth would not be damaged. (See id.) Plaintiff alleges that, despite knowing that Plaintiff could not be safely anesthetized,

2

Defendant Mosely proceeded to put him to sleep and to perform the procedure. (See id.) Plaintiff avers that he awoke to discover that four good teeth had been removed. (Id.) Plaintiff contends that Defendant Mosely knowingly conducted the procedure in an unsafe manner, and Plaintiff alleges that as a result he was left "physically deformed" and suffers from a speech impediment. (Id. at 7.) Plaintiff seeks compensatory damages for his alleged injuries. (Id. at 6.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has failed to state a viable § 1983 claim against Defendant CCA.

Of note, Plaintiff does not mention Defendant CCA in his complaint aside from naming it as a Defendant. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state

3

with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between Defendant CCA and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against Defendant CCA.

Moreover, Plaintiff's allegations against Defendant CCA are inadequate to the extent that he is attempting to hold it responsible for the acts of Defendant Mosely or prison officials at WCF. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers and private contractors[2] cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged

---

[2]Of course, private contractors that run prisons, like CCA, do act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Nevertheless, as explained herein, the principle that *respondeat superior* is not a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

4

constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, Plaintiff does not allege that Defendant CCA actually participated in any in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendant CCA and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

5

respect to Defendant CCA. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant CCA, and it should be dismissed from this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant CCA be **DISMISSED** from this case.[4]

SO REPORTED and RECOMMENDED this 13th day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Mosely based on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need.

6